IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HENRY WILSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | Civil Action No. _____ |
| § | |
| REED GROUP MANAGEMENT, LLC AND § | |
| CHEVRON CORPORATION LONG-TERM § | |
| DISABILITY PLAN § | |
| § | |
| Defendants. § | |

## COMPLAINT

Plaintiff Henry Wilson, for his Complaint against Reed Group Management, LLC ("Reed Group") and Chevron Corporation Long-Term Disability Plan ("the Plan"), would show as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff is an individual.

2. Reed Group is a corporation and, on information and belief, may be served through its registered agent for service of process in Texas, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. The Plan is sponsored by Chevron Corporation and, on information and belief, may be served through its registered agent for service of process in Texas, Prentice-Hall Corporation System, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

COMPLAINT – Page 1

3. Jurisdiction is proper on the ground of the existence of a federal question under 28 U.S.C. § 1331 based on Plaintiff's claim under the Employee Retirement Income Security Act, 29 U.S. C. §1001 et seq. ("ERISA").

4. Venue is proper is under 29 U.S. C. §1132(e) because one or both Defendants may be found in this District.

Facts

5. Prior to November 21, 2014, Plaintiff was employed as a Plant Operator/Field Specialist for Chevron Corporation. Through such employment, he was covered by the Plan, administered by Reed Group. As of in or about August 2017, Plaintiff became unable to work due to an-on-the job back injury. Plaintiff was, at that time, diagnosed with lumbar radiculopathy and lumbar disc disease and subsequently underwent back surgery in October 2015.

6. Reed Group paid long-term disability benefits to Plaintiff on behalf of the Plan from February 17, 2016 through February 16, 2018 under a "usual occupation" standard of disability in the Plan.

7. By letter dated February 20, 2018, Reed Group denied, on behalf of the Plan, continuing long-term disability benefits to Plaintiff under the "any occupation" standard of the Plan after February 16, 2018.

8. By letter dated August 10, 2018, Plaintiff appealed the February 20, 2018 denial of long-term disability benefits under the Plan. Plaintiff continued to suffer from his on-the-job back injury and back surgery and a continuing inability to work.

9. By letter dated November 12, 2018, Reed Group upheld the February 20, 2018 denial of continuing long-term disability benefits to Plaintiff under the "any occupation" standard in the long-term disability policy.

10. In its February 20, 2018 and November 12, 2018 denials, Reed Group improperly relied upon a standard of disability distinct from that provided for in the Plan, improperly ignored Plaintiff's medical condition and testing of such condition and specific determinations of Plaintiff's disability based on such condition, improperly ignored certain medical records of Plaintiff, improperly misrepresented certain medical records of Plaintiff, improperly dismissed the significance of other medical records of Plaintiff and improperly ignored other statements of Plaintiff's physicians. By stating Plaintiff could work at an occupation involving a similar physical demand level, Reed Group ignored medical evidence showing no or little improvement in his disabling condition.

11. In connection with Reed Group's disposition of Plaintiff's claim under the Plan as to long-term disability benefits beyond February 16, 2018, Reed Group, by its February 20, 2018 and November 12, 2018 denials on behalf of the Plan, and the Plan, through Reed Group, engaged in conduct not consistent with their fiduciary duty to Plaintiff under ERISA and in violation of provisions of ERISA and regulations promulgated pursuant to ERISA, including Section 1133(2) of ERISA, requiring that a participant whose claim for benefits has been denied be afforded a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying his claim, and one or more of the requirements of 29 CFR 2560.503-1, including the requirement of 29 CFR 2560.503-1(b)(3) that claims procedures do not contain any provision, and are not administered in a way, that

unduly inhibits or hampers initiation or processing of claims for benefits, the requirement of 29 CFR 2560.503-1(b)(5) that administrative provisions or safeguards contained in the claims procedure to insure that any benefit claim determinations be made in accordance with governing plan documents and that plan provisions be applied consistently with respect to similarly situated claimants, the requirement of 29 CFR 2560.503-1(b)(7) that all claims and appeals be adjudicated in a manner designed to assure the independence and impartiality of the persons involved in making the decision, the requirements of 29 CFR 2560.503-1(g)(i)-(iv) and (vii) as to the content of any adverse benefit determination, if the requirement of 29 CFR 2560.503-1(h)(2)(iv) that a fiduciary take "into account all comments, documents, records and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination," the requirement of 29 CFR 2560.503-1(h)(3)(iii) that any medical judgment must be the result of consultation with a health care professional with appropriate training and procedures and experience in the field of medicine involved in the medical judgment, the requirement of 29 CFR 2560.503-1(h)(3)(iv) that any medical or vocational experts whose advice was obtained in connection with an adverse benefit determination be identified without regard to whether the advice was relied upon in making the benefit determination, the requirement of 29 CFR-2560.503-1(h)(3)(v) that any health care professional engaged for purposes of a consultation in connection with an appeal of an adverse benefit determination should be an individual who is neither the individual who made the adverse benefit determination that is the subject of the appeal, nor the subordinate of such individual, the requirement, to the extent applicable, of 29 CFR 2560.503-1(h)(4), that any new or additional evidence or new or additional rationale

supporting any adverse benefit determination be provided to claimant, and the claimant given an opportunity to respond, as provided for in subsection (h)(4)(i) and (ii), the requirements of 29 CFR 2650.503-1(j)(1)-(4) and (6) as to the manner and content of a benefit determination on review, including the requirements of subsections (2) (3) and (4) as to the specific reasons for the determination, reference to the specific plan provision on which the determination is based and a description of any applicable contractual limitation period applicable to an action under ERISA on the claimant's claim, and the requirements of 29 CFR 2650.503-1(j)(6) that any adverse benefit decision with respect to disability benefits include:

   (i)(a) discussion of the decision, including an explanation of the basis for disagreeing with or not following:

    (A)    The views presented by the claimant to the plan of health care professionals treating the claimant and vocational professionals who evaluated the claimant;

    (B)    The views of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination; and

    (C)    A disability determination regarding the claimant presented by the claimant to the plan made by the Social Security Administration;

   (ii) If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or

clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of change upon request; and

(iii) Either the specific internal rules, guidelines, protocols, standards or other similar criteria of the plan relied upon in making the adverse determination or, alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist.

12. Based on the terms of the Plan, Reed Group's denials of long-term disability benefits are subject to de novo review and, so reviewed, must be determined to have been wrong. Alternatively, based on Reed Group's violation of one or more requirements of 29 CFR 2560.503-1, Reed Group's denials of long-term disability benefits under the Plan are subject to de novo review and, so reviewed, must be determined to have been wrong. Alternatively, based on the application, pursuant to 29 U.S.C. § 1144(b)(2)(A), of Section 1701.062 of the Texas Insurance Codes and Title 28, Part 1, Chapter 3, Subchapter M, Rules 3.201(c), 3.1202 and 3.1203 of the Texas Administrative Code, 28 Texas Administrative Code 3.201 et seq., Reed Group's denials of long-term disability benefits are subject to de novo review and, so reviewed, must be determined to have been wrong. Again in the alternative, in the event Reed Group's denials of long-term disability benefits are subject to review only for abuse of discretion, Reed Group, to the extent of any discretion.

## Claims

13. For his first cause of action, Plaintiff would show that Reed Group and the Plan wrongfully denied benefits to him under the Plan after February 16, 2017. Reed Group

and the Plan are accordingly liable under Section 1132(a)(l)(B) of ERISA for all benefits due but not paid to Plaintiff under the Plan, prejudgment interest thereon and his attorney's fees and expenses and costs of court.

<u>Alternative Relief</u>

14. In light of Reed Group's violation of one or more requirements of 29 CFR 2560.503-1, remand of Plaintiff's claim under the Plan for further administrative review may be appropriate prior to full adjudication by this Court of Plaintiff's claim, and Plaintiff accordingly reserves the right to seek remand.

WHEREFORE, Plaintiff prays this Court grant him judgment against Defendants for all appropriate relief.

Respectfully submitted,

<u>/s/ Robert E. Goodman, Jr.</u>
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0841 (telecopy)

COUNSEL FOR PLAINTIFF